UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-cv-0207-BTM-BLM |
| Petitioner, | |
| v. | AMENDED ORDER GRANTING IN PART AND DENYING IN PART THE PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS |
| DANN MCCREARY, | |
| Respondent. | |

The Government has petitioned the Court for an order enforcing the Internal Revenue Service ("IRS") Summons issued to Respondent Dann McCreary ("Respondent"). A hearing was held on the Government's petition on April 11, 2014. The Government was represented by Assistant United States Attorney Caroline J. Clark. Respondent appeared and represented himself. The Court overruled Respondent's objections to the enforcement of the IRS summons except for his assertion of the Fifth Amendment. On April 22, 2014, the Court conducted an *in camera* review to determine whether Respondent could establish a real and appreciable hazard of self-incrimination as to each question asked by the IRS. For the reasons explained herein, the Government's petition to enforce the summons is granted in part and denied in part.

///

///

BACKGROUND

On May 23, 2013, M. Fuchs, a Revenue Officer employed by the IRS, issued an IRS summons to Respondent. [Declaration of Revenue Officer M. Fuchs in Support of Petition, ("Fuchs Decl."), ¶ 3.] The IRS is conducting an investigation into Respondent's unpaid tax liabilities for the 1997, 1998, 1999, 2000, 2001 and 2002 tax years. [Id. at ¶ 2.] The summons relates to the collection of these unpaid assessed tax liabilities. [Id. at ¶ 3.] On June 7, 2013, the IRS personally served a copy of the summons on Respondent. [Id. at ¶ 4.]

The summons ordered Respondent to appear before the IRS on June 25, 2013. On June 25, 2013, Respondent appeared before Revenue Officer Fuchs and provided his name and address but did not produce the summonsed information. [Id. at ¶ 6.] In response to Revenue Officer Fuchs's questions about his income, assets, liabilities and ability to pay what he owes to the IRS, Respondent refused to answer and invoked the Fifth Amendment. [Id.] Respondent has not provided the IRS with the testimony and documents requested by the summons. [Id. at ¶ 10.]

On January 30, 2014, the Government petitioned the Court to enforce the summons. On February 24, 2014, the Court ordered Respondent to show cause why he should not be compelled to comply with the IRS summons. The IRS served the order to show cause on Respondent on March 12, 2014 and filed proof of service with the Court on March 13, 2014. On March 27, 2014, Respondent filed an answer in response to the amended order to show cause. Respondent attached a copy of a transcript of the June 25, 2013 interview with Revenue Officer Fuchs. The transcript documents that, after providing his name and address, Respondent invoked the Fifth Amendment privilege in response to all questions Revenue Officer Fuchs asked him relating to the information sought in the IRS summons. On April 8, 2014, the Government filed a reply.

At the April 11, 2014 hearing, the Court overruled the objections that Respondent made to enforcement of the IRS summons except for his assertion of the

2

Fifth Amendment. The hearing was continued until April 22, 2014, 2:00 p.m. to determine, through *in camera* review, if Respondent could establish a real and appreciable hazard of self-incrimination to each question.

At the April 22, 2014 hearing, the Government was represented by Assistant United States Attorney Caroline J. Clark. Respondent represented himself. After an *in camera* review of the questions and documents sought by the IRS and Respondent's explanation of how his elicited responses risked self-incrimination, the Court sustains Respondent's assertion of the Fifth Amendment as to some questions and overrules it as to others.

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant of material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue . . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish it's 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the Powell requirements have been met." Id. at 120. Once the government has made a *prima facie* showing that enforcement of the summons is appropriate, the burden shifts to the respondent to show that enforcement of the summons would be

an abuse of the Court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized the respondent's burden as a heavy one. Id.

The Government's petition and Revenue Officer Fuchs' supporting declaration satisfy all four elements of the Powell standard. First, the IRS is conducting an investigation with respect to the collection of Respondent's unpaid assessed tax liabilities for the 1997, 1998, 1999, 2000, 2001 and 2002 tax years. [Fuchs Decl., ¶ 2.] Such an investigation is expressly authorized by 26 U.S.C. § 7602(a). The Internal Revenue Code explicitly allows the issuance of a summons for the purpose of determining "the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). Thus, the summons was issued for a legitimate purpose. Second, Revenue Officer Fuchs has declared in her affidavit that the information requested by the summons may be relevant to the IRS determination of the collectability of Respondent's assessed income tax liability. [Id. at ¶ 13.] Third, the IRS does not already possess the testimony, papers, records, and other data sought by the summons issued to Respondent. [Id. ¶ 11.] Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summons. [Id. at ¶ 12.] Thus, the Government has made *prima facie* showing that it is entitled to judicial enforcement of the summons.

As to Respondent's assertion of the Fifth Amendment, a taxpayer is only entitled to the Fifth Amendment privilege if he can establish a "real and appreciable" risk of incrimination. United States v. Rendahl, 746 F.2d 553, 554 (9th Cir. 1984) (citing United States v. Neff, 615 F.2d 1235, 1239 (9th Cir. 1980); United States v. Strauss, No. 12-cv-1594-BTM, 2012 WL 5354905, at *2 (S.D. Cal. Oct. 29, 2012). The taxpayer bears the burden of showing that testimony or documents are privileged. United States v. Brown, 918 F.2d 82, 84 (9th Cir. 1990). As to certain questions outlined below, Respondent has established a real and appreciable risk of incrimination and the Court sustains his assertion of the Fifth Amendment as to

4

those questions.

The IRS Summons requested "all documents and records" Respondent possesses or controls regarding "assets, liabilities, or accounts" in his name or for his benefit. The requested records included, but were not limited to, bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit, current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, trust documents and schedule assets, health and life insurance, and all life or health insurance policies. See Docket No. 1 at 11. After *in camera* review, the Court finds that production of the requested documents could present a real risk of incrimination, and sustains Respondent's assertion of the Fifth Amendment as to all documents requested in the summons.

The Court sustains Respondent's assertions of the Fifth Amendment privilege to the following questions, cited by transcript page number (1-21) and line number from the transcript found at Docket No. 8, pages 14-36:

Page 7, line 22; Page 8, line 6; Page 9, lines 2, 14, 24; Page 10, lines 2, 8, 24; Page 11, line 5; Page 14, lines 16, 22; Page 15, lines 4, 9, 21, 24; Page 16, line 2; Page 17, lines 10, 15; Page 18, lines 7, 11, 14, 17, 20, 23; and Page 19, lines 3, 6, 9, 17.

The Court overrules Respondent's assertions of the Fifth Amendment privilege to the following questions:

Page 6, line 21; Page 7, lines 10, 13, 16, 19, 25; Page 8, lines 3, 10, 13, 16, 19, 23; Page 9, lines 6, 9, 18; Page 10, lines 12, 17, 20, Page 13, line 22; Page 14, lines 1, 5, 9, 12; Page 15, lines 1, 14, 18; Page 16, lines 5, 10, 13, 16, 20, 25; Page 17, lines 3, 6, 18, 23; Page 18, line 2; and Page 19, lines 20, 25.

///

///

## CONCLUSION

For the reasons stated, the Government's petition to enforce the IRS summons is GRANTED, in part, as to the questions that the Court has overruled Respondent's assertion of the Fifth Amendment privilege. Respondent, Dann McCreary, is directed to appear before IRS Revenue Officer M. Fuchs or a designee, on **May 29, 2014 at 10:30 a.m.**, at the offices of the Internal Revenue Service located at 333 West Broadway, Suite 914, San Diego, California, and to give testimony as to those questions and as directed by this Order. To the extent that Respondent's answers to those questions generate follow-up questions by the IRS Revenue Officer that Respondent refuses to answer based on the Fifth Amendment, the IRS may contact chambers to obtain subsequent rulings.

The Government's petition is DENIED, in part, as to the questions and requests for documents that the Court has determined present a real and appreciable risk of incrimination to Respondent.

The Government shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the Government, or as soon thereafter as possible. Proof of such service shall be filed with the Clerk of Court as soon as practicable.

Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court.

**IT IS SO ORDERED.**

DATED:   May 15, 2014

BARRY TED MOSKOWITZ
**Chief Judge**
**United States District Court**